IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE LUIS FLORES RAMIREZ, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | No. 1:26-CV-2365-DAE |
| v. | § | |
| | § | |
| ICE, *et al.*, | § | |
| | § | |
| *Respondents*. | § | |

ORDER

Before the Court is Jose Luis Flores Ramirez's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("the Petition") (Dkt. # 1), and Federal Respondents'[1] Response (Dkt. # 5). The Court finds this matter suitable for disposition without a hearing. After careful consideration of the parties' briefings and relevant law, and for the reasons described below, the Court **DENIES** the Petition, (Dkt. # 1). See 28 U.S.C. § 2243.

LEGAL STANDARD

"A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law." Buenrostro-

[1] Federal Respondents include Charlotte Collins, Warden, T. Don Hutto Detention Center; Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"); and Todd Blanche, United States Attorney General.

Mendez v. Bondi, No. CV H-25-3726, 2025 WL 2886346, at *1 (S.D. Tex. Oct. 7, 2025) (internal citation and quotations omitted); 28 U.S.C. § 2241. The habeas petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." Villanueva v. Tate, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (internal citation and quotations omitted). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" Id. (quoting 28 U.S.C. § 2243).

Under 28 U.S.C. § 2243, a court:

> entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The statute also directs that the person to whom the writ is directed shall return the writ "within three days unless for good cause additional time, not exceed twenty days, is allowed." 28 U.S.C. § 2243.

## DISCUSSION

Petitioner is a citizen of Mexico who is currently being detained at T. Don Hutto Detention Center in Taylor, Texas. (Dkt. # 1 at 1–2.) In his habeas petition, Petitioner alleges that he is entitled to a writ because he is being wrongfully detained without bond. (Id. at 2–4.) Petitioner contends that he is

being detained mandatorily pursuant to 8 U.S.C. § 1225(b)(2) and argues that such mandatory detention is a violation of his due process rights under the Fifth Amendment of the United States Constitution, the Immigration and Nationality Act ("INA"), and his Fourth Amendment rights. (Id. at 8– 19.)

However, in their Response, Federal Respondents contend that Petitioner is not being detained pursuant to 8 U.S.C. § 1225 but rather pursuant to 8 U.S.C. § 1227(a)(1)(B). (Dkt. # 5 at 1–4.) As such, he is eligible for a bond hearing. (Id.) Accordingly, they argue, because Petitioner has not requested a bond hearing even though one is available to him, he has failed to exhaust his administrative remedies, and his Petition should be denied. (Id.)

Under 8 U.S.C. § 1227(a)(1)(B), an alien in and admitted into the United States shall be removable upon removal order from the Attorney General if they are present in violation of the law or who's nonimmigrant vias has been revoked. Petitioner was personally served a Notice to Appear on August 11, 2026, requiring him to appear on August 24, 2026, on the charge that he was removable for overstaying his nonimmigrant B2 visa. (Dkt. # 5-1 at 1.) Petitioner currently has master calendar hearing set for October 2, 2026, and his immigration case is currently listed as pending on the EOIR Automated Case Information page as of September 14, 2026. Under § 1226, Petitioner is entitled to seek a bond hearing before the immigration judge. 8 U.S.C. § 1226.

Here, all of Petitioner's asserted bases of relief depend entirely upon the presumption that he is being detained pursuant to 8 U.S.C. § 1225(b)(2). (See Dkt. # 1 at 19–23.) In his first and second cause of action, Petitioner contends he is unlawfully detained and that his procedural due process rights are being violated because he is being held without a bond hearing. (Id. at 19–21)

Accordingly, because Petitioner is being detained pursuant to § 1227(a)(1)(B) and because a Notice to Appear charging Petitioner as removable was indeed procured in his case, Petitioner is not entitled to a writ of habeas corpus, at least upon the specific grounds and arguments he has asserted.[2] The Court therefore **DENIES** the Petition for Writ of Habeas Corpus, (Dkt. # 1).

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus, (Dkt. # 1), is **DENIED WITHOUT PREJUDICE** to refiling. This Court's stay of removal (Dkt. # 3 at 4–5) entered on September 4, 2026, is hereby **VACATED**.

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, September 16, 2026.

David Alan Ezra
Senior United States District Judge

[2] The Court takes no position on whether a petition challenging Petitioner's detention under 8 U.S.C. § 1227(a)(1)(B) would ultimately succeed if properly raised.